Reese, J.
delivered the opinion of the court.
The State of Tennessee recovered, on motion, in the Circuit Court of Stewart county, a judgment against the plaintiffs in error on the ground that the said Samuel Boughton, Sheriff, had made default in paying over to the Treasury of the State, the State revenue of said Stewart county, collected for the year of 1845. In March, 1844, he was elected Sheriff of said county, and at the ensuing April Term of the County Court of said county, he gave bond as collector of the State revenue for the years 1844 and 1845, with the plaintiffs in error as his securities.
In October, 1845, he gave another bond with other securities, conditioned for the faithful collection and payment of the Slate revenue for the year 1845. The judgment of the Circuit Court was given upon the bond of April, 1844, for the default in paying over the revenue collected for the year 1845. And the question is, whether, as embracing the last year, the bond in question was a good statutory bond, subjecting the ob-ligors to the summary remedy of a judgment by motion. ■
*194 In considering this question, we will exclude all enquiry as to the fact of another bond having been given in October, 1845, and the effect and operation of that latter bond upon the obligation or liability created by the first bond, but limit our enquiry as to whether at the time it was taken it was a good statutory bond for the revenue of 1845. To determine this question, we have been referred very properly to the acts of 1836, ch. 15, s. 1 and 2; the act of 1840, ch. 142, sec. 1 and 2, referring to the the former, and the act of 1844, ch. 103, sec. 1. Considering these acts in pari materia, we feel satisfied that the bond in question, although a good voluntary common law bond, is not a good statutory bond so far as regards the second year, or that of 1845.
And this, mainly, because the said 1st section of the act of 1844, authorizes the County Court in each and every year if they see proper to do so, to appoint for the year a collector of the State and county revenue, other than, and distinct from the Sheriff of the county, and such other collector shall at the April Term, give bond, &c., for the year. If any year, the County Court shall not appoint a distinct collector, the Sheriff shall, at the April Term, enter into bond for the year to collect the taxes therein. This power of annual appointment by the County Court makes it material that the Sheriff’s bond should be annual, or limited to one year, for if taken for two years, the appointee of the County Court, if they exceeded their power, would supercede his power, his duty and his bond for the second year.
Moreover, the section expressly says, that his bond for collection of revenue, shall be -taken for one year, and this no doubt, with the view that the County Court might be free to execute the power given them.
Under the operation of this act, it is every year contingent until the January Court of the County is over, whether the Sheriff will or will not be collector of the revenue.
Under such circumstances, it is convenient and proper, and according to the letter of the law, that the Sheriff’s revenue bond should be annual only.
If, therefore, since the passage of the act of 1844, it be taken *195 for two years, it is not a good statutory bond for the second year, and therefore, the summary remedy of judgment by motion does not exist.
The Governor, in whose name it is taken, must resort to his action for the use and benefit of the State.
If the bond had pursued the statute, in the particular referred to, the judgment would still have been wrong, because the motion must be made, and the jugdment rendered in the name of the Governor, to whom the bond is made payable and his successors in office. It is not done in this case, but the judgment is rendered in the name of the State of Tennessee.
This is contrary to express statutory direction in the concession of this summary remedy.
Let the judgment of the Circuit Court be reversed and arrested.